*Pursuant to Indiana Appellate Rule 65(E), the trial court and parties shall not take any action in reliance upon this opinion until it is certified.*



I N   T H E

# Indiana Supreme Court



FILED

Jun 30 2026, 3:17 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Supreme Court Case No. 25S-CR-15

## State of Indiana
*Appellant*

–v–

## Emareion T. Jones
*Appellee*

---

Argued: October 2, 2025 | Decided: June 30, 2026

Direct Appeal from the Tippecanoe Superior Court
No. 79D01-2312-F5-000244
The Honorable Randy J. Williams, Judge

---

**Opinion by Justice Massa**

Justice Slaughter concurs.

Justice Molter concurs in result.

Chief Justice Rush concurs in result in part and dissents in part with separate opinion in which Justice Goff joins.

**Massa, Justice.**

When police officers responded to an alleged incident of domestic violence they found Emareion Jones' DNA on a firearm. He was charged with Felony Domestic Violence, Misdemeanor Unlawful Carrying of a Handgun, and Felony Unlawful Carrying of a Handgun by a felon whose prior felony conviction occurred within the past 15 years. The handgun charges informed Jones that either of his two prior felony convictions from Texas – including one for Felon in Possession – provided the predicate offense necessary to sustain the charges. Despite the clarity of his charging information and probable cause affidavit, Jones moved to dismiss the gun counts, which the trial court granted.

The trial court found the charges were not sufficiently pled, did not constitute an offense, and were unconstitutional. On the same day, in an unrelated case, the trial court dismissed the same two charges against defendant Augustine Gomez for the exact same reasons. The State appealed both cases, and we consolidated them for purposes of oral argument.

In an opinion handed down today, *State v. Gomez*, 25S-CR-00014, we reversed the trial court on all three findings and remanded for further proceedings. For the same reasons explained therein, we reverse the trial court here and remand for further proceedings.

## Facts and Procedural History

Lafayette police officers responded to a domestic violence call from Jones' girlfriend. Upon arrival, she informed police that Jones had a purple firearm. When Jones was found elsewhere walking in the apartment complex, he denied possessing a firearm, explaining that he was a **convicted felon** who couldn't have one. Officers later returned to the apartment complex after an employee found a purple handgun in a location that was "consistent with Jones' route of travel from the apartment to where police located him." App. Vol. II at 15. A DNA sample supported the theory that the gun discovered belonged to Jones. On December 13, 2023, the State charged Jones with three crimes. At issue are

Count II, Class A Misdemeanor unlawful carrying of a handgun and Count III, level 5 Felony unlawful carrying of a handgun.

Count II, Class A Misdemeanor unlawful carrying of a handgun, stated:

> On or about July 1, 2023, in Tippecanoe County, State of Indiana, Emareion T Jones did knowingly or intentionally carry a handgun, while being a person convicted of a federal or state offense punishable by a term of imprisonment exceeding one (1) year.
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 25-47-21.5(b) and I.C. 35-47-2-1.5(e), and against the peace and dignity of the State of Indiana.

*Id.* at 13. Count III, level 5 Felony unlawful carrying of a handgun, read:

> On or about July 1, 2023, in Tippecanoe County, State of Indiana, Emareion T Jones did knowingly or intentionally carry a handgun, while being a person convicted of a federal or state offense punishable by a term of imprisonment exceeding one (1) year, and while having a previous conviction for a felony in the previous fifteen (15) years, to wit: on October 28, 2014, Emareion Jones was convicted of Felon Possessing a Weapon, a Felony in the District Court of Harris County, State of Texas, under Case Number 14151311010 and/or on February 6, 2017, Emareion Jones was convicted of Aggravated Assault–Family Member, a felony, in the District Court of Harris County, State of Texas, under the Case Number 154322301010;
>
> All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35-47-2-1.5(b) and I.C. 35-47-2-1.5(e)(2)(B), and against the peace and dignity of the State of Indiana.

*Id.* at 14. Moreover, the probable cause affidavit also listed both of Jones' alleged prior felony convictions:

1. An October 28, 2014 conviction for Felon Possessing a Weapon, a Felony, in the District Court of Harris County, State of Texas, under Case Number 14151311010.
2. A February 6, 2017 conviction for Aggravated Assault – Family Member, a Felony, in the District of Harris County, State of Texas, under Case Number 154322301010.

*Id.* at 15. The trial court dismissed Counts II and III under Indiana Code section 35-34-1-4 and found that Indiana Code section 1-1-2-4(b)(3) is unconstitutionally vague under the Fifth and Fourteenth Amendment of the United States Constitution and Article 4, Section 20 of the Indiana Constitution.

The trial court entered final judgment under Indiana Trial Rule 54(B). *Id.* at 109. The State directly appeals the dismissal under Indiana Code section 35-38-4-2(a)(1). Like *Gomez*, this Court now has mandatory and exclusive jurisdiction over the State's appeal under Indiana Appellate Rule 4(A)(1)(b) because of a finding of unconstitutionality by the trial court below.

# Discussion and Decision

Applying *Gomez*, we find the trial court abused its discretion in dismissing Counts II and III.

## I. Count II is Sufficiently Certain and Constitutes an Offense

Jones argued, and the trial court found, the charging information lacked specificity because it does not reference any Texas statutes nor a comparable Indiana statute and does not detail an alleged conviction punishable by a term of one year. At the end of the day all that is important is that the "information enable[] an accused, the court, and the

jury to determine the crime for which conviction is sought satisfies due process." *Lampitok v. State*, 817 N.E.2d 630, 636 (Ind. Ct. App. 2004), *trans. denied*.

We first find that Count II is "sufficiently certain," per Indiana Code section 35-34-1-4(a)(4). The charging information for Count II enables Jones, the trial court, and the jury to determine the crimes for which conviction is sought. We agree with the State that the charging information states the offense with sufficient certainty because it names the offense in bold, specifies the offense is a Class A misdemeanor, and cites the relevant Indiana offense statute for the charge. Moreover, the probable cause affidavit identifies Jones' relevant prior felony convictions. All Jones needed to know to prepare his defense was his criminal history and the potential punishments for his previous crimes which can be ascertained from the charging information and probable cause affidavit when read together. Jones was sufficiently put on notice of the crime that he was being charged with—being a felon in possession of a handgun. *Lampitok*, 817 N.E.2d at 636.

Next, we find under section 35-34-1-4(a)(5), the charging information alleges facts that "constitute an offense." Under Count II, the State charged Jones with a Class A misdemeanor unlawful carrying of a handgun under Indiana Code section 35-47-2-1.5, which lists persons who may not knowingly or intentionally carry a handgun. The list of persons includes "[a] person convicted of a federal or state offense punishable by a term of imprisonment exceeding one (1) year." Ind. Code § 35-47-2-1.5(b)(1). "A person who violates this section commits unlawful carrying of a handgun, a Class A misdemeanor." *Id.* § -1.5(e). Here, the charging information states that Jones was knowingly or intentionally carrying a handgun while being a person convicted of a federal or state offense. The charging information states allegations that align with the elements of a criminal statute; therefore, it is not facially deficient. *Hernandez v. State*, 220 N.E.3d 68, 71 (Ind. Ct. App. 2023).

For both these reasons, we find the trial court abused its discretion when it dismissed Count II.

## II. Count III is Sufficiently Certain and Constitutes an Offense

The trial court also dismissed Count III because it found the charging information was not "sufficiently certain" under section 35-34-1-4(a)(4) and found under section 35-34-1-4(a)(5) that the charging information did not state facts that "constitute an offense." On both points, we find the trial court erred. The charging information tracks the language of the relevant statutory offenses and identifies Jones' two prior felony convictions.

For Count III the State charged Jones with level 5 felony unlawful carrying of a handgun. The base offense of someone who violates Section 35-47-2-1.5 is a Class A misdemeanor (as illustrated above in Count II), however, the offense is enhanced to a level 5 felony if the person has been convicted of a felony within fifteen years of the date of the offense.

Like Count II, we find that Count III is sufficiently certain and constitutes an offense. The charging information states that Jones has two prior Texas convictions, which were punishable by up to one year of imprisonment and includes the conviction dates which were within fifteen years of the Indiana offense.

As stated above, Jones' charging information references his two prior Texas felony convictions. Even though the charging information did not state the Texas statutes corresponding with his prior offenses, we have never required such specificity in a charging information. The charging information states the name of the offenses, as well as the county they occurred in and their cause numbers. It also states that Jones committed his offenses on February 6, 2017, and October 28, 2014, both within 15 years of the present Indiana offense. We cannot find that the charging information for Count III insufficiently identified the basis for the charge. The State met its requirements to sufficiently put Jones on notice that the crime he was being charged with was enhanced due to his prior out-of-state felony convictions, both committed within the last 15 years. *Lampitok*, 817 N.E.2d at 636.

We also find the charging information states facts that constitute an offense in Indiana. For Count III, the State can charge Jones with a level 5 felony for unlawful carrying of a handgun under Indiana Code section 35-47-2-1.5. That section lists persons who may not knowingly or intentionally carry a handgun. The list of persons includes "[a] person convicted of a federal or state offense punishable by a term of imprisonment exceeding one (1) year." I.C. § 35-47-2-1.5(b)(1). The section states, "[a] person who violates this section commits unlawful carrying of a handgun, a Class A misdemeanor. However, the offense is a Level 5 felony if … the person … has been convicted of a felony within fifteen (15) years before the date of the offense." *Id.* § -1.5(e)(2)(b). This means that the base offense for unlawful carrying of a handgun is a misdemeanor but may be enhanced so long as the person has a prior felony within 15 years.

As applied above, the State correctly enhanced this charge to a level 5 felony because the information states that Jones has two prior felony convictions: October 28, 2014, Felon Possessing a Weapon, and February 6, 2017, Aggravated Assault–Family Member. As these were prior felonies committed within fifteen years of the offense in Indiana, Count III is appropriate. The charging information states allegations that align with the elements of a criminal statute, therefore, it is not facially deficient. *Hernandez*, 220 N.E.3d at 71.

## III. Count III was Incorrectly Dismissed for Constitutional Reasons

In *Gomez*, the trial court applied the wrong part of Indiana Code section 1-1-2-4 ("reference statute") and concluded that it was unconstitutionally vague. The trial court blocked the State's enhancement of the charge by incorrectly assuming that an enhancement is only possible if the out-of-state conviction is "substantially similar" to an Indiana offense under the reference statute rather than simply asking if Gomez had a prior *felony* within the past 15 years. We found this error amounted to an abuse of discretion.

Applying the analysis in *Gomez*, we find the trial court misapplied the reference statute and abused its discretion by dismissing Count III for the same reasons.

Like in *Gomez*, for Count III, the predicate offense statute is the handgun statute, which allows a charge to be enhanced to a level 5 felony if the person "has been convicted of a felony within fifteen (15) years before the date of the offense." As the handgun statute only refers to a general type or class of offense, i.e., a "felony," the State need only allege that Jones has been convicted of a prior felony within 15 years.

We find the State properly enhanced Jones' charge to a level 5 felony because Jones has a prior felony conviction for Felon in Possession of Weapon from 2014 and Aggravated Assault on a Family Member in Texas from 2017. As Jones' prior conviction states that he was convicted of a felony in another state within fifteen years of his Indiana offense, he therefore may not carry a handgun in Indiana. The State lawfully charged Jones under Indiana Code section 35-47-2-1.5(e)(2)(B).

# Conclusion

The trial court abused its discretion by dismissing Counts II and III. We therefore reverse and remand for further proceedings consistent with this opinion and our holding today in *Gomez*.

Slaughter, J., concurs.
Molter, J., concurs in result.
Rush, C.J., concurs in result in part and dissents in part with separate opinion in which Goff, J., joins.

ATTORNEYS FOR APPELLANT
Theodore E. Rokita
Attorney General of Indiana

Jesse R. Drum

Supervising Deputy Attorney General, Criminal Appeals

Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Shay J. Hughes

Lafayette, Indiana

**Rush, C.J., concurring in result in part and dissenting in part.**

This case is a companion to *State v. Gomez*, No. 25S-CR-14 (Ind. June 30, 2026), also decided today. For the reasons explained in my separate opinion there, I agree with the Court's conclusion that Count II, the Class A misdemeanor charge, is sufficiently certain and states facts constituting that offense. But Count III, the Level 5 felony charge, suffers from the same pleading defect as Gomez's Count III.

When the State invokes Indiana Code section 35-47-2-1.5(e)(2)(B) and relies on one or more non-Indiana convictions to prove the defendant has been convicted of "a felony," Indiana Code section 1-1-2-4(b)(3) requires each non-Indiana offense to be substantially similar to an Indiana felony. The charging documents must therefore identify, or at least make reasonably apparent, an Indiana felony comparator for each non-Indiana offense. Here, the State failed to do so for either of the offenses underlying Jones's Texas convictions. Thus, as in *Gomez*, Count III is not sufficiently certain.

For these reasons, I concur in result as to Section I of the lead opinion and respectfully dissent from Sections II and III.

Goff, J., joins.